IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 15 |
| LONE PINE RESOURCES INC., *et al.*,[1] | ) ) ) | Case No. 13-12487 (BLS) |
| Debtors in a Foreign Proceeding. | ) ) ) ) | Jointly Administered |
| | ) | Re: Docket Nos. 94, 96, 98, 99 and 100 |

**ORDER RECOGNIZING AND ENFORCING THE ORDER OF THE
CANADIAN COURT SANCTIONING AND APPROVING THE CCAA PLAN**

This matter coming before the Court on the motion (the "Motion")[2], dated December 23, 2013, of the Foreign Representative of the above-captioned debtors (collectively, the "Debtors") in a proceeding (the "CCAA Proceeding") commenced under Canada's Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended, and pending before the Court of Queen's Bench of Alberta (the "Canadian Court"), for entry of an order recognizing and giving effect in the United States to the Canadian Court's Sanction Order, among other things, sanctioning and approving the CCAA Plan; and the Court having reviewed the Motion, the Granger Affidavit, the *Statement of the Limited Shareholder Group in Support of the First Amended Plan of Compromise and Arrangement*, filed with this Court on January 6, 2014 [Docket No. 98], and the *Monitor's Eighth Report to Court*, filed with the Canadian Court on January 7, 2014 and with this Court on January 9, 2014 [Docket No. 100]; and appropriate and timely notice of the filing of the Motion having been given; and no other further notice being

---

[1] The Debtors in the foreign proceeding, along with the last four digits of the United States Tax Identification Number or Canadian Business Number, as applicable, of each of the Debtors are as follows: (i) Lone Pine Resources Inc. (9606); (ii) Lone Pine Resources Canada Ltd. (0801); (iii) Lone Pine Resources (Holdings) Inc.; (iv) Wiser Delaware LLC (7365); and (v) Wiser Oil Delaware, LLC (9737).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

necessary or required; and the Court having determined that the legal and factual bases set forth in the Motion and all other pleadings and proceedings in this case establish just cause to grant the relief ordered herein, and after due deliberation therefor,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

C.  Due and proper notice of the Motion was given, which notice is deemed adequate for all purposes and no other further notice is required.

D.  On January 9, 2014, the Canadian Court granted the Sanction Order.

E.  The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, warranted pursuant to section 1507 of the Bankruptcy Code, and will not cause hardship to any party in interest that is not outweighed by the benefits of the relief granted herein.

F.  The relief granted herein will, in accordance with section 1507(b) of the Bankruptcy Code, reasonably assure:  (i) just treatment of all holders of claims against or interests in the Debtors' property; (ii) protection of claim holders in the United States against

prejudice and inconvenience in the processing of such claims in the CCAA Proceeding; (iii) prevention of preferential or fraudulent dispositions of property of the Debtors; (iv) distribution of proceeds of the Debtors' property substantially in accordance with the order prescribed in the Bankruptcy Code; and (v) an opportunity for a fresh start for the Debtors. Absent the relief granted herein, the Debtors may be subject to actions in the United States in connection with claims that have been restructured or discharged pursuant to the CCAA Plan, and the efforts of the Debtors in conducting the CCAA Proceeding and effecting the sanctioning of the CCAA Plan by the Canadian Court may be thwarted by the actions of certain creditors, a result contrary to the purposes of Chapter 15 as reflected in section 1501 of the Bankruptcy Code.

G.  The public interest will be served by the relief granted herein.

**NOW, THEREFORE, THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

1.  The Motion is GRANTED as set forth herein.

2.  The Sanction Order, a copy of which is attached hereto as <u>Exhibit 1</u>, is hereby fully recognized and given full force and effect in the United States against all entities (as that term is defined in § 101(15) of the Bankruptcy Code) in accordance with its terms.

3.  The amendments to the certificate of incorporation of LPRI, as set forth in the CCAA Plan, are hereby approved.

4.  Notwithstanding any provisions in the Federal Rules of Bankruptcy Procedure or otherwise to the contrary, (a) this Order shall be effective immediately and enforceable upon its entry, and (b) neither the Foreign Representative nor the Debtors are subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order.

RLF1 9766357v.1

5. The Foreign Representative and the Debtors are authorized and empowered to, and may in their discretion and without any delay, take any such steps or perform such actions as may be necessary to effectuate the terms of this Order.

6. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: January 10, 2014
Wilmington, Delaware

_____
THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE